UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tiffine G. Lindsey, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>Oskar Ex Incorporated and )<br>Ihor Tsuipa, )<br>)<br>   Defendants. )<br>) | C.A. No. 3:23-cv-5826-SAL<br><br>**COMPLAINT**<br>**[JURY TRIAL DEMANDED]** |

The Plaintiff, complaining of the Defendants herein, does respectfully allege as follows:

## PARTIES

1. The Plaintiff, Tiffine G. Lindsey, is a resident and citizen of Richland County, South Carolina.

2. The Plaintiff is informed and believes that Defendant, Ihor Tsuipa, is a resident and citizen of Palm Beach County, Florida. Plaintiff is informed and believes that, at all times relevant hereto, Defendant Tsuipa was acting within the course and scope of his employment and/or agency with Defendant Oskar Ex Incorporated.

3. Plaintiff is informed and believes that Defendant Oskar Ex Incorporated [hereinafter Defendant or "Oskar Ex"], at the times relevant hereto, was a non-resident motor carrier registered with the U.S. Department of Transportation under DOT Number 2784335, MC Number MC-927675.

4. Plaintiff is informed and believes that at the time of the events herein, Defendant Oskar Ex was a corporation, organized and existing pursuant to the laws of the State of Illinois, with its principal place of business in a state other than the State of South Carolina.

5. At the time of the subject collision, Defendant Oskar Ex was operating a commercial vehicle in the course and scope of its business within the State of South Carolina.

## JURISDICTION AND VENUE

6. Venue is proper in this Judicial District and the Columbia Division pursuant to Local Rule 3.01 DSC and 28 U.S.C. § 1391 (b)(2) because the accident in this case occurred in Lexington County, South Carolina and within this Division.

7. Plaintiff has suffered damages which exceed $75,000.00, exclusive of interest and costs.

8. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332 and other applicable laws, as the citizenship of the Plaintiff is diverse from the citizenship of Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## CAUSES OF ACTION
## FOR A FIRST CAUSE OF ACTION
### (Negligence)

9. Plaintiff realleges and reiterates all of the allegations contained in paragraphs 1 through 8 as fully as if repeated herein verbatim

10. Plaintiff is informed and believes that Oskar Ex Incorporated, at the time of the subject collision, operated commercial motor vehicles in portions of the United States, including

the State of South Carolina, and was licensed and operated as a commercial motor carrier under the rules and regulations of the U.S. Department of Transportation, Office of Motor Carriers.

11.     On August 11, 2023, at approximately 3:00 pm, Plaintiff Tiffine G. Lindsey was operating her 2004 Nissan automobile in a southerly direction along Charleston Highway, in Cayce, South Carolina.

13.     Plaintiff is informed and believes that, at such time and place, Defendant Ihor Tsuipa, acting within the course and scope of his employment with Oskar Ex Incorporated, was operating a commercial box truck in the course and scope of his employment with Oskar Ex Incorporated and was exiting a Pilot gas station in Cayce, South Carolina intending to turn onto Charleston Highway Northbound.

14.     At such time and place, Defendant Tsuipa pulled directly into Plaintiff's path causing her vehicle to collide with great force and violence with the driver side of the box truck he was operating.

15.     Plaintiff is informed and believes that Defendant Tsuipa, while acting within the course and scope of his employment with Defendant Oskar Ex Incorporated, was negligent, willful, wanton, reckless, careless, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

   (a)     In failing to maintain a proper lookout;

   (b)     In failing to yield the right of way to Plaintiff's vehicle;

   (c)     In failing to brake in order to avoid a collision with Plaintiff's vehicle;

   (d)     In failing to maintain proper control over his commercial vehicle;

   (e)]     In failing to employ proper safety precautions;

(f)     In failing to pay proper care and attention to his surroundings;

(g)     In operating the commercial vehicle while in an inattentive and/or fatigued state in violation of 49 CFR § 392.3 and other applicable laws, regulations, and the common law;

(h)     In failing to use the degree of care and caution as would have been exercised by a reasonably prudent tractor-trailer driver under the circumstances then and there prevailing; and

(i)     In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

All of which negligence, willfulness, wantonness, recklessness, carelessness, and gross negligence is attributable to Defendant Oskar Ex Incorporated, by virtue of the doctrine of *Respondeat Superior*.

16.     Plaintiff is further informed and believes that the Defendant Oskar Ex Incorporated was negligent, willful, wanton, reckless, careless and grossly negligent at the time and place hereinabove mentioned in the following additional particulars:

(a)     In failing to ensure that Defendant Tsuipa had the knowledge and skills necessary to control and maneuver a commercial vehicle safely on South Carolina highways prior to dispatching him;

(b)     In failing to use the degree of care and caution as would have been exercised by a reasonably prudent motor carrier under the circumstances then and there prevailing; and

(c)     In such other particulars as may be determined through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

17.     At all times relevant to this action, Defendants were subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR §§ 301-399), either directly or as adopted by the State of South Carolina.

18.     Defendants' actions in violating statutes and regulations enacted for the safety of the driving public constitute *negligence per se*.

19.     As a direct and proximate result of the negligence, recklessness, carelessness, willfulness, wantonness and gross negligence of the Defendants as aforesaid, Plaintiff Tiffine G. Lindsey suffered severe and painful injuries, including but not limited to injuries to her neck, back, head, and knees; she has and will continue to incur medical expenses; she has and will continue to incur lost income; she has and will in the future suffer physical pain and suffering; she has and will in the future suffer loss of enjoyment of quality of life, and mental and emotional distress; she has sustained property damage, for which the Plaintiff Tiffine G. Lindsey is entitled to an award of actual and punitive damages in an amount to be determined by the jury at the trial of this case.

WHEREFORE, the Plaintiff prays for and demands a trial by jury and for judgment against the Defendants for actual and punitive damages in an amount to be determined by the jury at the trial of this case, for the costs and disbursements of this action, and for such other and further relief as this Honorable Court deems just and proper.

*s/Charles W. Whetstone, III*
Charles W, Whetstone, III, Fed. I.D. No. 11677
Charles W. Whetstone, Jr., Fed. I.D. No. 4606
Cheryl F. Perkins, Fed. I.D. No. 4969
WHETSTONE, PERKINS & FULDA, LLC
Post Office Box 8086 (29202)
1620 Gervais Street
Columbia, SC 29201
Phone (803) 799-9400
Facsimile (803)799-2017
wwhetstone@attorneyssc.com
cwhetstone@attorneyssc.com

cperkins@attorneyssc.com
ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina

November 14, 2023

[JURY TRIAL DEMANDED]